### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAMARC R. GARRETT, SR.,       )
Y27943,       )
       )
         Plaintiff,       )
       )
vs.       )      Case No. 25-cv-507-DWD
       )
MINDI NURSE, et al.,       )
       )
         Defendants.   )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Lamarc R. Garrett, Sr., filed this action in April of 2025 concerning his desire to challenge the underlying criminal proceedings that led to his detention. (Doc. 1). The Court reviewed the pleading, explaining to Plaintiff that it was unlikely he could use a § 1983 action to challenge his actual confinement, and also that his complaint was faulty for failing to describe the personal involvement of any of the named defendants. (Doc. 12 at 3). Despite the Court's doubt that Plaintiff could pursue a valid claim about his criminal proceedings, Plaintiff was invited to amend, but he was also informed that if he did not believe he had a valid civil claim, he could simply dismiss his suit. (*Id.*). A few weeks after the Court's ruling, Plaintiff moved to voluntarily withdraw this lawsuit. (Doc. 13). The Court noted that the case was eligible for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), and it closed the case. (Doc. 14). Two months later, Plaintiff filed a motion to reopen. (Doc. 16).

The Supreme Court recently held in *Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. 305 (2025), that a plaintiff can seek to undo a voluntary Rule 41 dismissal by filing a motion under Federal Rule of Civil Procedure 60(b).  Relief under Federal Rule of Civil Procedure 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment.  Rule 60(b) "provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1231 (7th Cir. 1983) (internal quotations and citation omitted). Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief.  FED. R. CIV. PROC. 60(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (*quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1986)).

Plaintiff filed his Motion in a reasonable amount of time, but the motion does not explain why he decided to dismiss the case, or why he believes it is now appropriate for the court to reinstate the case.  In the Motion Plaintiff merely alleges that he would like to reopen because he has evidence on a tablet that one of the defendants somehow lied about one or several psychiatric diagnoses.  Specifically, Plaintiff alleges that Dr. Cuneo lied and said that Plaintiff reported he was not hearing voices at the time of his crime.  It appears that this "evidence" whether new or existing at the time Plaintiff originally filed this suit, would go to the theories Plaintiff was attempting to pursue to undermine his

conviction.  But as the Court previously explained, Plaintiff cannot use a § 1983 action to challenge his confinement without first having his conviction overturned.  Thus, the evidence Plaintiff now identifies does not take his case from one with an invalid legal theory to one with a valid theory, and reopening for this evidence would not make a difference.  Therefore, Plaintiff's motion will be denied.

## DISPOSITION

Plaintiff's Motion to Reopen (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 7, 2026

_____
DAVID W. DUGAN
United States District Judge